UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-20334-CIV   COOKE

MICHEL HEMMINGS JONES and
JACQUELINE WILSON,

    *Plaintiffs*,

v.

ALBERTO GONZALES, *et al.*,

    *Defendants*.
_____/

**ORDER DENYING MOTION TO DISMISS OR
FOR SUMMARY JUDGMENT AND REMANDING CASE TO USCIS**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss [DE 4], filed April 9, 2007. For the reasons set forth below, the Court finds that the case should not be dismissed, but rather remanded.

**I.    BACKGROUND**

On February 9, 2007, Michel Hemmings Jones and Jacqueline Wilson ("Plaintiffs" or "Jones and Wilson") filed a Complaint for Mandamus Relief ("Complaint") asking this Court to compel the Defendants to adjudicate their pending I-485 Adjustment Applications ("Applications"). Steps have been taken to resolve the Plaintiffs' Applications, but the requisite security background checks are yet to be completed. In the meanwhile, Plaintiff Wilson's Application has been pending for about two years and Plaintiff Jones' for nearly three years.

**II.    REMAND TO THE USCIS IS WARRANTED**

The Court does not intend to intrude into the provinces of the United States Citizenship

and Immigration Services ("USCIS") and the Federal Bureau of Investigations ("FBI") by telling these agencies how to decide the Plaintiffs' Applications. The agencies are far better equipped to make such determinations. *Manzoor v. Chertoff*, 472 F.Supp.2d 801, 808 (E.D. Va. 2007). Nevertheless, no agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public. To that end, in our esteemed system of checks and balances, the Mandamus Act empowers this Court to direct the agencies in question to make a just determination of the Plaintiffs' Applications, whether it be positive or negative. *See* 28 U.S.C § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). That said, however, the Court is also mindful that government agencies are highly impacted, and thus, they can only be expected to resolve matters with all reasonable speed. Furthermore, the Court is unwilling to jump the Plaintiff's Application to the front of the line as it may create perverse incentives for others seeking to expedite their applications.

The Defendants have asked this Court to dismiss the case, but the Court considers it more prudent and judicially efficient to remand the matter to the USCIS, so that the agency may complete the required security background checks on the Plaintiffs' Applications within reasonable time. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Defendants' Motion to Dismiss [DE 4] is **DENIED** *without prejudice*.

2. This matter, however, is **REMANDED** to the USCIS for reasonably prompt adjudication of Plaintiffs' I-485 Adjustment Applications.

3. If the USCIS has not rendered a decision on Plaintiffs' Applications by **July 18, 2008**, the Plaintiffs shall file a notice with the Court setting forth the status of the Applications. Upon receipt of the notice, the Court will consider reopening this matter for further consideration.

4. The Clerk is directed to administratively **CLOSE** this case. All pending motions not otherwise ruled upon are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of June, 2007.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*